IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Jones, #240664, ) | |
| ) | C.A. No. 2:09-1857-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Michael McCall, Perry CI, ) | |
| ) | |
| Respondent. ) | |

Petitioner David Jones, appearing *pro se*, is in the custody of the South Carolina Department of Corrections and is currently housed at the Perry Correctional Institution in Pelzer, South Carolina. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully. The case is currently before the court on Respondent's return and motion for summary judgment filed October 8, 2009. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was issued on October 9, 2009, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On November 4, 2009, Petitioner responded to the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On November 24, 2009, the Magistrate Judge filed a Report and Recommendation in which he recommended that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on December 14, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

determination on any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **PROCEDURAL HISTORY**

Petitioner was indicted by the Pickens County Grand Jury for eight counts of malicious injury to property (indictment numbers 97-GS-39-575, 576, 577, 578, 579, 580, 583, and 585); two counts of discharging a firearm into a dwelling (indictment numbers 97-GS-23-581, and 587); one count of burglary (indictment number 97-GS-39-586); and one count of grand larceny (indictment number 97-GS-39-1332). Petitioner was represented at trial by Perry H. Gravely. A jury found Petitioner guilty on all charges. On September 3, 1997, the trial judge sentenced Petitioner to: 1) thirty years for burglary; 2) ten years concurrent for each of the two counts of discharging a firearm into a dwelling; 3) ten years concurrent for grand larceny; 4) one year concurrent for three counts of Malicious Injury to Personal Property (less than $1,000); and 5) thirty days concurrent on five counts of Malicious Injury to Personal Property (less than $1,000).

Petitioner timely noticed an appeal to the South Carolina Court of Appeals. On appeal, Petitioner was represented by Assistant Appellate Defender Melissa Kimbrough. On September 29, 1999, all of Petitioner's convictions were upheld on appeal. *State v. Jones*, Op. No. 99-UP-487 (S.C. Ct. App. filed September 29, 1999). On October 13, 1999, Petitioner filed a Petition for Rehearing. On November 16, 1999, Petitioner's Petition for Rehearing was denied. The Remittitur was sent down on December 30, 1999. Petitioner filed a timely *pro se* application for Post Conviction Relief (PCR) on March 7, 2000. Subsequently, Petitioner obtained counsel who filed a memorandum with

the PCR court alleging three grounds for relief:

> 1) Counsel rendered ineffective assistance of counsel by failing to introduce into evidence the first written statement of Roy C. Burton.
>
> 2) Counsel rendered ineffective assistance of counsel by failing to object to extraneous comments during trial by the trial judge in attempt to coach and render assistance to the state attorney.
>
> 3) Counsel rendered ineffective assistance of counsel by failing to seek a continuance upon initial notice at trial of an amendment to the grand larceny indictment.

Petitioner's Application for PCR at 4, 7, and 9. The PCR court held a hearing on Petitioner's application on December 16, 2002. On January 24, 2005, the PCR court issued an order finding that counsel's performance was deficient as to the grand larceny conviction and granted Petitioner a new trial on that indictment. All of the other grounds for relief were denied. Petitioner then filed a *pro se* "Applicant's Opposition to the Court's January 19, 2005 Order" arguing that counsel was ineffective for failing to seek a continuance because the burglary indictment was amended at trial. September 13, 2005, the PCR court held a hearing on Petitioner's motion, which its construed as being made under Federal Rule of Civil Procedure 59(e). On July 21, 2006, the PCR court issued a Supplemental Order in which it granted relief as to the burglary conviction.

The State filed a notice of appeal from the PCR court's rulings with the South Carolina Supreme Court. On March 27, 2007, the State filed a Petition for Writ of Certiorari in which it raised the following issues:

> 1) Did the PCR judge err in vacating the grand larceny indictment and granting a new trial on that charge?
>
> 2) Did the PCR judge err in vacating the first-degree burglary indictment and granting a new trial on that charge?

State's Petition for Writ of Certiorari at 2. Deputy Chief Attorney Wanda H. Carter of the South

3

Carolina Office of Appellate Defense was appointed to represent Petitioner on the PCR appeal. On April 16, 2008, the South Carolina Supreme Court issued an order granting certiorari. On February 23, 2009, the South Carolina Supreme Court reversed the orders of the PCR court and reinstated Petitioner's convictions for grand larceny and burglary "finding no evidence in the record to support the PCR judge's findings that [Petitioner's] trial attorney was ineffective." *Jones v. State*, Memo. Op. No. 2009-MO-0008 (S.C. 2009). The Remittitur was sent down on March 11, 2009.

Petitioner filed the within action on July 13, 2009. Petitioner asserts the following grounds for federal habeas relief:

> **GROUND ONE:** Ineffective Assistance of counsel. Trial counsel was ineffective for not moving for a continuance upon discovering that the Indictment for grand larceny had been amended. The record reflects that counsel was not aware of the amendment until the day of the trial.
>
> **GROUND TWO:** Ineffective Assistance of counsel. Counsel was ineffective for allowing the state of S.C. to proceed on an indictment that was amended during trial without being presented to the Pickens County Grand Jury for the necessary true bill. The record reflects at the time of trial the true billed indictment for burglary 1st reflected 2 aggravating factors: (A) that petitioner entered during the nighttime; and (B) or armend [sic] with a deadly weapon. Signed by Solicitor Joseph J. Watson, and carried Indictment number 97-GS-39-586. At trial the indictment was amended setting forth one aggravating factor of armed with a deadly weapon. This amended indictment carried the same indictment number 97-GS-39-586[,] [b]ut was signed by Robert Ariail which there[']s nowhere in the record where Mr. Ariail ever came to signed [sic] this new indictment. This new indictment was never presented to the Pickens Co. grand jury for the necessary true bill.

Entry 1 at 6-7 (errors in original).

## **FACTS**

Petitioner was originally indicted for grand larceny in indictment 97-GS-39-582, which listed firearms and silver coins as the items stolen. Petitioner was originally indicted for burglary in indictment 97-GS-39-586, which listed "during the nighttime" and "armed with a weapon" as

aggravating factors. Subsequently, the State obtained a superseding indictment for the grand larceny charge, 97-GS-39-1332, which listed "firearms, US currency, jewelry, and other miscellaneous household items and valuables" as the items stolen. The superseding grand larceny indictment was presented to a grand jury and "true billed." Entry 16, App'x at 458-60. Petitioner was not arraigned on the superseding grand larceny indictment at this time. Prior to jury selection, the trial judge read to the jury the superseding grand larceny indictment as well as the original indictments on all of the other charges against Petitioner. Trial Tr. at 5:20-7:23. The burglary indictment was read with both aggravating factors. Trial Tr. 6:1-6.

After the jury was sworn, but prior to the entry of any evidence, Petitioner's trial counsel moved to limit the evidence of stolen items related to the grand larceny charge to firearms and silver coins because he had not seen the superseding indictment prior to trial. Trial Tr. 24:14-20. The court denied trial counsel's motion indicating that the indictment had been properly amended. Trial Tr. 26:20-23. After conferring with Petitioner, trial counsel reported to the court that Petitioner waived arraignment on the superseding grand larceny indictment. Trial Tr. 27:3-6.

At trial, the evidence demonstrated that there were two burglaries of the same residence on the night in question and that Petitioner participated in the second burglary. Matt Hendricks ("Hendricks") testified at trial that Petitioner and Roy Burton ("Burton") woke him up after they "broke into a house" and that they had silver half dollars with them. Trial Tr. 156:20-158:8; 159:23-160:12. Hendricks further testified that Petitioner and Burton brought him down to a camper where he saw several rifles and some old muskets. Trial Tr. 159:2-9. Hendricks also testified that a statement given to the police that Petitioner had coins, jewelry, old guns, and bills after the break in was in his handwriting. Trial Tr. 162:10-23.

Burton testified at trial that he drove Petitioner and another codefendant Doug Harris ("Harris") to the residence where the first burglary occurred. Trial Tr. 192:3-9. Burton testified that he left Petitioner and Harris outside of the house and drove off. Trial Tr. 192:8-9. Burton further testified that when he returned to the residence he saw Harris and Petitioner outside the residence and that Harris had a VCR and "little knickknack stuff" in his possession. Trial Tr. 192:13-22. Burton also admitted at trial that he gave a statement to police in which he stated that he and Petitioner did the burglary and that Petitioner was the individual that stole the VCR and money. Trail Tr. 196:1-197:3.

Harris testified at trial that he participated in the first burglary in which he and Priscilla Cole ("Cole") broke into the residence and stole some rifles, jewelry, half dollars, and a camcorder. Trial Tr. 212:19-23; 214:20-215:2; 216:20-217:5. Harris testified that he stole about eleven firearms. Trial Tr. 216:3-8. Subsequently, Harris met up with Petitioner and others at the Wade Hampton Motel. Trial Tr. 223:15-224:23. Harris later drove Petitioner back to the victim's residence and told Petitioner that there were still firearms and a VCR inside. Trial Tr. 229:11-23; 230:8-23. Harris testified that he dropped Petitioner and Burton off at the house and that when he returned, Burton came out of the residence with several rifles and Petitioner had an Adidas bag and a VCR. Trial Tr. 230:8-231:13. Harris testified that the Adidas bag contained a Rolex watch, jewelry, and some old money including bills, half dollars and other coins. Trial Tr. 231:14-232:10.

A list of the stolen items was introduced into evidence, and the victim testified that the value of the stolen property was in excess of $65,000. Trial Tr. 115:18-166:25; 117:20-23. The victim testified that between twenty and thirty firearms were stolen and that the least valuable firearm was worth about $350. Trial Tr. 117:24-118:4; 5:9. The victim testified that two missing Rolex watches

6

were worth between $100 and $150, and a missing VCR was worth over $200. Trial Tr. 118:13-21. The victim testified that his wife had a collection of silver fifty-cent pieces that were stolen and that each coin was worth about $100. Finally, the victim testified that the family had a collection of old misprinted currency bills and that the face value of the stolen bills was around $1000. Trial Tr. 119:7-17.

After the State rested, Petitioner's trial counsel moved for a directed verdict on the burglary charge arguing that there was no evidence that Petitioner entered or left the victim's residence, that the burglary occurred at night time, or that Petitioner was armed with a deadly weapon. Trial Tr. 249:9-250:14. The trial court judge granted a partial directed verdict with regard to whether the entry occurred in the nighttime. Trial Tr. 257:1-9; 263:11-21. Prior to closing arguments, the solicitor asked the court if they should "do a new indictment." Trial Tr. 270:14-15. The court indicated that this would be appropriate so that the indictment would not go back to the jury with the "nighttime" language. Trial Tr. 270:16-19. When charging the jury on the burglary charge, the trial judge only mentioned the deadly weapon aggravating factor. Trial Tr. 306:6-15, 307:25-308:22.

At the PCR hearing, Petitioner testified that the first time he saw the superseding indictment with the amendments to the grand larceny charge was when he got his discovery for the PCR action. PCR App'x 391:11-14. Petitioner testified that he thought a continuance was necessary so that his counsel could investigate the items- US currency, jewelry, and other miscellaneous household items and valuables- added to the grand larceny indictment. PCR App'x 393:12-25.

Petitioner's trial counsel testified at the PCR hearing that he objected to the changes in the grand larceny indictment and attempted to limit the evidence. PCR App'x 398:18-20. Trial counsel further testified that he did not feel it necessary to ask for a continuance based on the changes in the

grand larceny indictment because he "had all of the statements of the witnesses" and "assumed that everything was coming in." PCR App'x 398: 21-399-1. Trial counsel specifically testified that he was prepared for trial, and that he thought the original grand larceny indictment was likely deficient because it did not include all of the stolen items and had discussed this with Petitioner. PCR App'x 399:2-17. Trial counsel testified that he was not surprised by the amendment to the indictment and stated that he did not believe the judge would have granted a continuance because the case had already been continued three times. PCR App'x 399:18-400:7. Trial counsel also testified that he conferred with Petitioner and then waived arraignment on the superseding indictment. PCR App'x 409:2-7. The PCR court concluded that Petitioner's trial counsel was ineffective for failing to seek a continuance after the grand larceny indictment had been amended because "the amendment to the indictment changed both the nature of the offense and the sentence that could be imposed." PCR App'x at 415.

At the second PCR hearing, which dealt with the burglary indictment, Petitioner argued that there were two burglary indictments with the same number, but that the one sent to the jury was improper because it did not contain the "nighttime" aggravating factor and was not "true billed." PCR App'x 437:4-438:9. The prosecutor testified at the second PCR hearing, stating that the second indictment was created for the jury after the trial judge granted partial directed verdict on the "nighttime" aggravating factor. PCR App'x 440:6-23. The trial prosecutor testified that the second indictment was not intended to be an amended or superseding indictment, but was instead intended to act as a jury form. PCR App'x 441:4-7. The trial prosecutor further testified that there was little discussion of the matter, but that no one had a problem with the creation of the new document. PCR App'x 441:11-16. The trial prosecutor further indicated that the new document was created for

Petitioner's benefit. PCR App'x 441:17-23. The PCR court granted Petitioner relief on this issue, finding that the "second indictment" was defective, noting that the grand jury could have true-billed the original burglary indictment just on the "nighttime" aggravating factor, and finding that trial counsel was ineffective for allowing the State to proceed on the "second indictment." PCR App'x 445:25-446:22, 453-454. On certiorari, the South Carolina Supreme Court reversed, finding no evidence in the record of ineffective assistance of counsel. *Jones v. South Carolina*, Mem. Op. No. 2009-MO-008, filed Feb. 23, 2009 (S.C. 2009).

## SCOPE OF REVIEW

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996. An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in State court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a State court is presumed to be correct; Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* (e)(1).

## DISCUSSION

Petitioner contends that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient. *See Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. There is a strong presumption that counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

Petitioner also must demonstrate that he was prejudiced by counsel's alleged deficient performance, in that because of counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. Thus, even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694.

**I.    Ground One**

The Magistrate Judge determined that Petitioner is not entitled to relief on his claim that counsel was ineffective for failing to move for a continuance upon discovering that the Indictment for grand larceny had been amended. Petitioner objected to this finding arguing that "the Magistrate Judge has failed to establish any citations of authority that would suggest that this amendment of the indictment at trial which did not provide the grand jury a chance to review it that changed the nature of the crime and increased the punishment was unreasonable [sic]." Entry 23 at 2. Petitioner contends that "due process is the right of a criminal defendant to have notice of the charges pending against him." Entry 23 at 2.

Plaintiff's objection is without merit. The Magistrate Judge need not cite specific case law to determine that the Supreme Court of South Carolina's finding of no ineffective assistance of counsel was based on a reasonable determination of the facts so long as it properly applies the standard set out in 28 U.S.C. § 2254 as amended by AEDPA. The court agrees with the Magistrate

Judge that the South Carolina Supreme Court's determination on this issue was not based on an unreasonable determination of the facts. The amended indictment for grand larceny was true-billed by the grand jury. Petitioner's trial counsel testified at Petitioner's PCR hearing that he was prepared for trial, and that he had discussed with Petitioner his perception that all of the stolen items would come in and that the original grand larceny indictment was deficient. Petitioner waived arraignment on the superseding grand larceny indictment. All of the above supports a conclusion that trial counsel's performance was not deficient. In addition, the evidence indicates that it would not have been unreasonable for the South Carolina Supreme Court to conclude that Petitioner was not prejudiced by trial counsel's failure to request a continuance. This is because trial counsel testified that he was prepared for trial even with the amended indictment and that a continuance would not likely have been granted. Therefore, Petitioner is not entitled to relief with respect to his grand larceny conviction.

## II. Ground Two

The Magistrate Judge determined that Petitioner is not entitled to relief on his claim that counsel was ineffective for allowing the prosecution to proceed on an indictment for burglary without a true bill. Petitioner argues that "absence of an indictment is a jurisdictional defect which deprives the Court of its power to act, and such defect cannot be waived." Entry 23 at 2. Petitioner contends that because the "original indictment being returned by an illegal [sic] convened grand jury, there was no true bill for the second indictment to be legally presented under." Entry 23 at 2. Petitioner contends that although defects in indictments do not deprive courts of the power to adjudicate cases, defects in subject matter jurisdiction can never be waived. Entry 23 at 2.

This objection is without merit. Here, there was no absence of an indictment such that the

trial court did not have subject matter jurisdiction. To the contrary, the trial court had a valid, "true-billed" indictment, but allowed an amended version to be sent back with the jury after the grant of a partial directed verdict. While the PCR court granted relief to Petitioner on his burglary conviction, the South Carolina Supreme Court reversed, finding no evidence of ineffective assistance of counsel. Such a finding was not based upon an unreasonable determination of the facts because the evidence suggests that these actions were performed for the benefit of Petitioner. Petitioner had notice of both aggravating factors in the original indictment, which was "true-billed." Moreover, South Carolina law allows for such amendments to an indictment. S.C. Code Ann. § 17-19-100 provides:

> If (a) there be any defect in form in any indictments or (b) on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, the court before which the trial shall be had may amend the indictment (according to the proof, if the amendment be because of a variance) if such amendment does not change the nature of the offense charged. After such amendment the trial shall proceed in all respects and with the same consequences as if the indictment had originally been returned as so amended, unless such amendment shall operate as a surprise to the defendant, in which case the defendant shall be entitled, upon demand, to a continuance of the cause.

*Id.* Therefore, Petitioner is not entitled to relief with respect to his burglary conviction.

**V.     Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the

constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

## **CONCLUSION**

The court adopts the recommendation of the Magistrate Judge and incorporates it herein by reference. Based on the foregoing, the court **grants** Respondent's motion for summary judgment (Entry 15) and dismisses the case with prejudice. The court denies Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

June 30, 2010
Columbia, South Carolina